# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JOHN H. PARKER AND BRYAN MAISEL HOMES, LLC, | ) ) ) |
| *Plaintiffs*, | ) ) |
| v. | ) CASE NO. 1:21-cv-00425 ) ) |
| EXTERIOR RESTORATIONS, INC., BURL BARNETT, STO CORP., WALL AND CEILING SOLUTIONS, LLC, AND CAPITOL MATERIALS, INC., | ) ) ) ) ) |
| *Defendants*. | ) ) |

## MOTION FOR LEAVE TO AMEND COMPLAINT AND MOTION TO REMAND

Plaintiffs file this Motion for Leave to Amend Complaint against Defendants pursuant to Fed. R. Civ. P. 15, and this Motion to Remand stating as follows:

1. On January 23, 2020, Plaintiff John H. Parker filed his initial complaint in the Circuit Court of Mobile County, Alabama. Suit was brought only against defendants Burl Barnett and Exterior Renovations, Inc.

2. At that time, the known damages were modest, consisting of work that remained incomplete with a comparatively small number of defects. It was believed that remediation of the existing stucco system could be accomplished.

3. As more problems became apparent, the case has grown in complexity. Based upon belief, the entire exterior of this new multi-story home will need to be removed, and an entirely new exterior system installed. This will require the home becoming a large active construction site and the Parker family will have to relocate for an extended period. It is also

1

expected, based upon recent revelations, that extensive structural work will be required to repair structural wood that has rotten and decayed to the point of resulting in large mushrooms and fungi growing out of the rotting wood. In turn, the cracks have allowed moisture in the walls and resulted in termite infestations. All of these issues arise out of the stucco system that was procured and inspected by these defendants in a home not yet two years old.

4. As the problems continue to manifest themselves, additional parties have been added and additional causes of action explored. One such cause of action was Count VI seeking recovery under the Magnuson Moss Warranty Act, 15 USC § 2301.

5. Federal Rule of Civil Procedure 15(a)(2) states that a party may amend its pleading with the opposing party's written consent or the court's leave, and that the court should freely give leave when justice so requires. See *March v. Best Buy Stores, LP*, 111 F. Supp. 3d 1236, 1243 (N.D. Ala. 2015) ("Generally, leave to amend under Fed. R. Civ. P. 15(a) 'shall be freely given where justice so requires'") (quoting *Foman v. Davis*, 371 U.S. 178 (U.S. 1962)); see also *Frazer v. Johnson Controls, Inc*., 2012 U.S. Dist. LEXIS 154600, *2 (N.D. Ala. Oct. 29, 2012).

6. Plaintiffs submit this Motion for Leave to Amend Complaint in order to remove Count VI seeking recovery under the Magnuson Moss Warranty Act (MMWA), 15 USC § 2301 from its pleadings and return to their chosen forum. A copy of the proposed Fifth Amended Complaint is attached herewith as Ex. 1.

7. Plaintiffs have already spent an amount in excess of $130,000 on repairs to the new home, not to mention a large sum of money in legal costs. Without question, much more will be spent before this litigation is over and the home repaired. The limited additional recovery

offered by the MMWA[1], if any, separate and apart from the recovery available under the state law claims, does not warrant the additional expense and time to which the Plaintiffs will be exposed in this litigation.  This is particularly true as Plaintiffs expect to be able to obtain a trial date much more quickly in state court given the pendency of time that has elapsed in state court before this action was removed to this Court.

8. Courts have long recognized the rule that "the plaintiff is the master of the claim." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987); *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 809, n. 6, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986) ("[j]urisdiction may not be sustained on a theory that the plaintiff has not advanced"); *Great North R. Co. v. Alexander*, 246 U.S. 276, 282, 38 S. Ct. 237, 62 L. Ed. 713 (1918) ("[T]he plaintiff may by the allegations of his complaint determine the status with respect to removability of a case"); *Burns v Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir 1994). ("While a defendant does have a right ... to remove in certain situations, plaintiff is still the master of his own claim.").  Plaintiff remains the master of his complaint, and he is free to assert only a state claim even when a federal claim is also available; indeed, he is free to assert only a state claim even when only a federal claim is potentially viable. *See Sams v. United Food & Commercial Workers International Union*, 866 F.2d 1380, 1385 (11th Cir. 1989) (as masters of their complaint, the plaintiffs could choose to assert only a claim they could not establish). *Weaver v. Ala. Marine Patrol*, CV 18-0146, 2018 U.S. Dist. LEXIS 76555 (U.S.D.C. S.D. ALA. 2018).

---

[1] Plaintiffs restate that under the MMWA formula discussed in its brief (Doc. 20, PageID# 1127), its recoverable damages under the MMWA, exclusive of costs, interests and fees, is less than $50,000.  Plaintiffs should have urged the Court to apply the application of the correct "legal certainty" standard espoused in its prior MMWA decision set out in *Holmes v. Kabco Builders, Inc*., CIVIL ACTION 07-0069, 2007 U.S. Dist. LEXIS 19399 (USDC SD ALA 2007).  Plaintiffs contend that reconsideration of the Court's December 16, 2021 order (Doc. 25) may result in a different outcome, but the same result could be accomplished through the grant of this motion.

3

9. Plaintiffs sought concurrence from the Defendants before filing this Motion by transmitting a copy of the Amended Complaint to all parties. Only one Defendant has objected as of the time of this filing. No Defendant has articulated how or why it would suffer prejudice or delay by the removal of the MMWA claim.

10. Plaintiffs contend no Defendant will suffer any meaningful prejudice by this Amendment as it reduces the number of allegations, and potential recovery. This matter has only been pending in federal court since its removal in September 2021, no party has conducted any discovery in this federal case, nor has any party filed any substantive motion. As detailed further below, the parties engaged in significant litigation in the state court matter before it was removed. Plaintiffs suggest any attempt by Defendants to not allow Plaintiffs the right to amend would be an indicia of forum shopping as Defendants should welcome having less monetary exposure and fewer causes of action.

## MOTION TO REMAND

11. The Defendants premised their removal upon the inclusion of a claim alleging violations of the MMWA. (Doc. 1, PageID# 2). Only state law claims will remain if Plaintiffs' Motion to Amend is granted.

12. The United States Supreme Court established the standard in *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988), a District Court should use to determine whether a case should be remand back to state court if the federal cause of action is removed from the complaint by amendment:

> A federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims. When the balance of these factors indicates

> that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing[2] the case without prejudice.[3]

*Cohill*, at 350.

13. Once the federal causes of action are removed from a case, the US Supreme Court held "the district court has a powerful reason to choose not to continue to exercise jurisdiction" (*Id*. at 351), and that the better practice was to remand a case instead of dismissal. (*Id.* at 356)

14. However, when a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction. *Rockwell Int'l Corp. v. U.S.*, 549 U.S. 457, 474 n.6 (2007), 127 S. Ct. 1397, 167 L. Ed. 2d 190; *Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1244 n.2 (11th Cir. 2007). The Court has discretion to retain jurisdiction over the state law claims even after the amendment eliminates all federal causes of action. *Behlen v. Merrill Lynch*, 311 F.3d 1087, 1095-96 (11th Cir. 2002).

15. Federal Courts are "encouraged to remand remaining state claims when all of the federal claims in a case have been eliminated prior to trial," *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088-89 (11th Cir. 2004);

16. Because removal infringes upon state sovereignty and implicates central concepts of federalism, removal statutes must be construed narrowly, with all doubts resolved in favor of remand. *See University of South Alabama v. American Tobacco Co.,* 168 F.3d 405, 411 (11th

---

[2] The Court further expressed a strong preference in a case such as this for remand, not dismissal. *Cohill* at 357.

Cir. 1999) (explaining that strict construction of removal statutes derives from "significant federalism concerns" raised by removal jurisdiction); *Whitt v. Sherman Int'l Corp.,* 147 F.3d 1325, 1333 (11th Cir. 1998)(expressing preference for remand where removal jurisdiction is not absolutely clear); *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994)(uncertainties regarding removal are resolved in favor of remand); *Newman v. Spectrum Stores, Inc.,* 109 F.Supp.2d 1342, 1345 (M.D. Ala. 2000)("Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear.").

17. When determining whether to exercise discretion to retain supplemental jurisdiction over remaining state law claims, the federal court must consider judicial economy, convenience, fairness, and comity. 28 U.S.C. § 1367(c); *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988); *Ansley v. Prof'l Res. Mgmt.*, No. 2:13-CV-00619WHA, 2013 U.S. Dist. LEXIS 153450, 2013 WL 5775154, at *2 (M.D. Ala. Oct. 25, 2013); *Sheffield v. City of Sarasota*, No. 8:13-CV-20-T-33MAP, 2013 U.S. Dist. LEXIS 50938, 2013 WL 1442163, at *1 (M.D. Fla. Apr. 9, 2013); [*11] *Clopton v. City of Forest Park*, No. 1:09- CV-01367-JOF, 2010 WL 1794004, at *1 (N.D. Ga. May 4, 2010).

18. In this case, fairness, comity, convenience, and judicial economy weigh in favor of returning the case to state court. As reflected in the state court record (Doc. 1) before this matter was removed to federal court, the Complaint was amended three times, answers were filed

by all parties, two motions to dismiss was filed (one by defendants ERI and Barnett (Doc. 1-2, Page ID # 45), and one by WCS (Doc. 1-2, Page ID # 287), both of which were denied), a Cross-Claim was filed by Barnett and ERI against Plaintiff Maisel (Doc. 1-2, Page ID # 207) Confidentiality Order was negotiated and agreed upon, and the following discovery exchanges occurred:

**DISCOVERY TO PARKER**

6/22/2020 Parker responded to Requests for admission from ERI/Barnett
7/31/2020 Parker responded to Interrogatories from ERI/Barnett
7/31/2020 Parker responded to Request for Production from ERI/Barnett
7/31/2020 Parker responded to 2nd set of Requests for Admission from ERI/Barnett
7/31/2020 Parker responded to 2nd set of Request for Production from ERI/Barnett
7/31/2020 Parker responded to 2nd set of Interrogatories from ERI/Barnett
10/19/2020 Parker responded to 3rd set Interrogatories and RFP from ERI/Barnett
03/5/2021 Parker responded to Interrogatories and RFP from Barnett/ERI
6/11/2021 Parker responded to Request for Production from Capitol
6/11/2021 Parker responded to Interrogatories from Capitol
9/15/2021 Parker responded to Interrogatories from WCS
9/17/2021 Parker responded to Request for Production from STO
9/17/2021 Parker responded to Interrogatories from STO
9/17/2021 Parker responded to Request for Production from WCS
12/7/2021 Parker second amended response to interrogatories from WCS

Parker and Bryan Maisel produced approximately 1,333 pages of documents.

**DISCOVERY TO BRYAN MAISEL**

5/13/2021 BM responded to Request for Production from ERI/Barnett
5/13/2021 BM responded to Interrogatories from ERI/Barnett
6/11/2021 BM responded to Request for Production from Capitol
6/11/2021 BM responded to Interrogatories from Capitol
9/15/2021 BM responded to Interrogatories from Sto
9/17/2021 BM responded to Request for Production from Sto
8/30/2021 BM responded to Request for Production from Sto
9/2/2021 BM responded to 2nd set of Interrogatories from Sto
12/7/2021 BM responded to Interrogatories from ERI

**DISCOVERY TO ERI/BARNETT**

2/5/2021 ERI/Barnett responded to Interrogatories
2/5/2021 ERI/Barnett responded to Request for Production

ERI and Barnett produced 114 pages in response to interrogatories and requests for production Feb. 5, 2021.

## DISCOVERY TO CAPITOL

4/23/2021 Capitol responded to Request for Production from Parker/BM
4/23/2021 Capitol responded to Interrogatories from Parker/BM

Capitol produced 75 pages.

## DISCOVERY TO STO

10/4/2021 Sto responded to Request for Production from Parker
10/4/2021 Sto responded to Interrogatories from Parker

## DISCOVERY TO WCS

7/6/2021 WCS responded to Request for Production from Parker
7/6/2021 WCS responded to Interrogatories from Parker

The Defendants have retained professional consultants.

Plaintiff Parker made his home available for inspection on three occasions (on 7/6/2021, 8/4/2021 and 10/15/21) to defense counsel and their experts.

Fourteen non-party subpoenas have been issued.

Plaintiff Hank Parker was deposed on 10/22/2021, under a deposition notice issued while the case was pending in state court.

19. These factors present are far more compelling case than many other cases from the 11th Circuit that consider "fairness, comity, convenience, and judicial economy" in this setting.

20. In *Guzzetti v. United States Bank Nat'l Ass'n*, NO. 1:13-CV-905-JEC-LTW, 2013 U.S. Dist. LEXIS 207727 (N.D. Ga. Nov. 19, 2013) the Court observed the case had been

8

pending only a few months since the inception of the suit, and the case had been predominantly about state law issues. The Court further reasoned that even if Plaintiff intended to eliminate his federal claims in order to re-obtain his original state court forum, the Court cannot conclude that based on this one factor, the Court should retain jurisdiction. *Id*. at 11.  In this matter, the state court case had been pending for eighteen months before removal.  The MMWA claim had not been alleged until the Third Amended Complaint was filed in March of 2021, some fourteen months after the Complaint was originally filed January 23, 2020 (Doc. 1-2, PageID# 13-19), and eight of the nine causes of action are solely state law claims.

21.    In *Ansley v. Prof'l Res. Mgmt*., No. 2:13-CV-00619WHA, 2013 U.S. Dist. LEXIS 153450, 2013 WL 5775154, (M.D. Ala. Oct. 25, 2013), the Court remanded the case over allegations Plaintiff was forum shopping finding as no action had been taken in federal court, and it would not constitute a significant waste of judicial resources to remand the case.  The Court further found remanding to state court will not be particularly inconvenient to the Defendants as the case had only recently been filed.  The Plaintiff had also conceded its federal claim was untenable, just as the Plaintiffs in this matter had conceded in its briefing that based upon the formulaic analysis applicable under the MMWA, that its damages are not even likely to exceed the applicable $50,000 threshold. (Doc. 20, PageID# 1129).  Referencing the US Supreme Court in *Carnegie–Mellon*, ("[w]hen the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court had a powerful reason to choose not to continue to exercise jurisdiction. 484 U.S. at 351") the Court remanded the case.  *Ainsley* at 9.

9

22.     The extensive record of activities in the state court in this case listed above reflects Plaintiffs are not forum shopping at all, they just want to return to their chosen forum in which they have litigated since January 2020. No defendant can rationally assert prejudice, or that having the case remain in federal court will result in economy or convenience. As the Ainsley court found, "fairness still weighs in favor of the case being litigated in the Plaintiff's chosen forum under the Plaintiff's chosen theories." *Id*. at 8.

23.     In *Farrell v. G.M.A.C.*, No. 2:07-CV-817-FTM-34DNF, 2008 U.S. Dist. LEXIS 31065, 2008 WL 1766909, (M.D. Fla. Apr. 15, 2008), despite a flurry of successive Motions to Amend, and Motions to Dismiss, the Court decided that because the action was at an early stage of the proceeding, the Court remanded noting Courts are "encouraged to remand remaining state claims when all of the federal claims in a case have been eliminated prior to trial." *Id*. at 15. A similar result should be reached in this case. Not even the Meeting of the Parties under Rule 26 has occurred as of this filing. No discovery has been conducted under the federal rules, and there has been no motion filing.

24.     Plaintiffs' remaining claims rely solely on applicable state law and, therefore, are more appropriate for adjudication in state court. Given that this case is in its early stages, only three months have passed since removal, and the case, even prior to the amendment, predominately has been about state law issues, the Court should decline to exercise supplemental jurisdiction over the remaining state law claims. The Courts have held this is warranted even if a Plaintiff intended to eliminate his federal claims in order to re-obtain his original state court

forum. See, e.g., *BB&T Fin., FSB v. DeGeorge*, No. 3:10- CV-1069-J-32MCR, 2011 U.S. Dist. LEXIS 62873, 2011 WL 2433500, at *2 (M.D. Fla. Apr. 11, 2011) (declining to exercise jurisdiction over remaining state law claims after plaintiff amended complaint to eliminate federal claim).

25. The instant fact pattern is not one in which Plaintiffs filed an action in federal court with both state and federal claims, but now seek to forum shop by dismissing the federal claim. This claim was brought in state court, and litigated in state court extensively as depicted above for eighteen months before the matter was removed to federal court. Plaintiffs have received no adverse rulings on the merits from this federal court that Plaintiffs are now attempting to avoid by dismissing the one count that raised the potential for federal jurisdiction. All Plaintiffs are attempting to do is get back to state court, litigate it without the additional expensive obligations that exist within the federal structure, and get this matter set for trial as expeditiously as possible with the expectation that its age in the Circuit Court of Mobile County, Alabama is more likely to result in an earlier trial setting than waiting for a trial setting in federal court.

WHEREFORE, John H. Parker and Bryan Maisel Homes, LLC hereby request this Court enter an Order granting Plaintiffs leave to amend the Complaint. Further, Plaintiffs requests this Court enter an Order remanding this case to the Circuit Court of Mobile County, Alabama, for further proceedings.

                                                */s/ C. William Daniels, Jr.*
                                                C. WILLIAM DANIELS, JR. (DAN023)
                                                CHRISTINE N. BURNS (BUR188)
                                                K. BRYANT HITSON (HIT008)
                                                *Attorneys for Plaintiffs, John H. Parker and Bryan Maisel Homes, LLC*

OF COUNSEL:

BURR & FORMAN LLP
11 N. Water Street, Suite 22200
Mobile, Alabama 36606
(251) 344-5151
Fax: (251)344-9696
bdaniels@burr.com
cburns@burr.com
kbhitson@burr.com

## **CERTIFICATE OF SERVICE**

     I hereby certify that on January 13, 2022, I electronically filed a copy of the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification to all counsel of record.

                                                */s/C. William Daniels, Jr.*