IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
Southern Division

| | |
|---|---|
| JOHN H. PARKER and BRYAN MAISEL HOMES, LLC<br><br>    Plaintiffs,<br><br>v.<br><br>EXTERIOR RESTORATIONS, INC., *et al.*,<br><br>    Defendants. | *<br>*<br>*<br>*<br>*   CASE NO.: 1:21-cv-00425-WS-B<br>*<br>*<br>*<br>*<br>*<br>* |

## WALL AND CEILING SOLUTIONS, LLC'S RESPONSE TO PLAINTIFFS' MOTION TO AMEND COMPLAINT AND MOTION TO REMAND

Defendant Wall and Ceiling Solutions, LLC ("WCS") respectfully files this response in opposition to Plaintiffs John H. Parker and Bryan Maisel Homes, LLC's (collectively "Plaintiffs") Motion for Leave to Amend Complaint and Motion to Remand [Doc. 27].[1] As set forth herein, Plaintiffs' Motions are made for no reason other than overt forum manipulation and should be denied.

### I.    PLAINTIFFS' MOTION FOR LEAVE TO AMEND SHOULD BE DENIED.

Less than thirty days after the Court's Order denying Plaintiffs' first motion to remand [Doc. 25], Plaintiffs seek leave to file a Fifth Amended Complaint to delete their claim under the Magnuson Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301—Plaintiffs' sole federal claim, and the basis for federal question jurisdiction. Plaintiffs readily admit that this amendment is sought

---

[1] Prior to the filing of this Response, counsel for Defendants Exterior Restorations, Inc. ("ERI") and Burl Barnett ("Barnett") advised undersigned counsel that ERI and Barnett consent to and join in WCS's opposition.

for one reason and one reason alone: "in order to . . . return to their chosen forum" through Plaintiffs' companion Motion to Remand. [Doc. 27, PageID.1279.]

Pursuant to Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182, (1962)). For the reasons explained more fully in Sections II and III *infra*, WCS respectfully submits that Plaintiffs' Motion for Leave is made in bad faith as a blatant exercise in forum manipulation—a "tactical manipulation" that "is a drain on the resources of the state judiciary, the federal judiciary and the parties involved" and which "cannot be condoned." *Boelens v. Redman Homes, Inc*., 759 F.2d 504, 507 (5th Cir. 1985).

The Court should also exercise its discretion to deny the proposed amendment pursuant to the Rule 15 framework adopted in *Hensgens v. Deere & Co*., 833 F.2d 1179, 1182 (5th Cir. 1987). In the diversity jurisdiction context, courts routinely utilize the *Hensgens* framework in deciding whether to allow a proposed amendment that seeks to add a non-diverse defendant. *See Sharp v. Wal-Mart Stores, Inc*., 2007 WL 215644, at *3 (S.D. Ala. Jan. 25, 2007) (describing *Hensgens* as "[t]he leading appellate authority guiding district courts in the exercise of this discretion . . . ."). There, the Fifth Circuit explained that "[b]ecause the court's decision will determine the continuance of its jurisdiction, the addition of a nondiverse party must not be permitted without consideration of the original defendant's interest in the choice of forum." *Hensgens*, 833 F.2d at 1182. Accordingly, "[t]he district court, when faced with an amended pleading naming a new

nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment." *Id.*

While *Hensgens* speaks to these principles in the context of the addition of non-diverse defendants in removed diversity cases, the rationale underlying *Hensgens*'s "more closely scrutinized" Rule 15 analysis[2] extends with equal force to the instant action involving a proposed amended pleading that—as in *Hensgens*—could "determine the continuance of [the Court's] jurisdiction." *Id.* For the same reasons present in *Hensgens*, WCS submits that here "the [deletion of the sole federal claim] must not be permitted without consideration of [WCS's] interest in the choice of forum." *Id. Cf. Boelens*, 759 F.2d 504, 507 (5th Cir. 1985) ("A federal forum for federal claims is certainly a defendant's right.").

Applying the *Hensgens* framework requires consideration of "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Hensgens*, 833 F.2d at 1182. Here, the "extent to which the purpose of the amendment is to defeat federal jurisdiction" clearly weighs in favor of denying the amendment. As explained more fully in Section II, it is undeniable that Plaintiffs' *sole* basis for the proposed amendment is to engage in forum manipulation. Indeed, Plaintiffs themselves represent that the amendment is sought "**in order to . . . return to their chosen forum**." [Doc. 27, PageID.1279 (emphasis added).] Plaintiffs, moreover, have been dilatory in seeking to amend their MMWA claim by having waited roughly ten months to delete the claim in since first pleading it. *See Henderson v. Goodyear Dunlop Tires N.A., Ltd.,* 2011 WL 13223980,

---

[2] While *Hensgens* is routinely applied in consideration of joinder under 28 U.S.C. § 1447(e), *Hensgens* "predates the 1988 creation of § 1447(e)," *Sharp*, 2007 WL 215644, at *3, and pronounced a Rule 15 standard. *See Hensgens*, 833 F.2d at 1181–82.

at *1 (M.D. Ala. Sept. 7, 2011) (finding delay of five months "suggest[ed] that Plaintiff has been dilatory in seeking the amendment."). Plaintiffs will also not be injured if the amendment is not allowed because, as explained more fully *infra* Section II, Plaintiffs' MMWA claim is merely a federal counterpart to Plaintiffs' state law warranty claims that Plaintiffs seek to continue litigating. "Finally, the equities strongly weigh in favor of Defendants, who have been forced to spend time and resources litigating a meritless motion to remand and are now forced to re-litigate a second bite at the apple." *Id.* at *2. On balance, the *Hensgens* factors overwhelmingly favor denying Plaintiffs' Motion for Leave to Amend.

## II.     PLAINTIFFS' MOTION TO REMAND SHOULD BE DENIED.

WCS submits that the Court should deny Plaintiffs' Motion to Remand first and foremost on grounds that the proposed Fifth Amendment Complaint should not be allowed and, therefore, the Court should maintain federal question jurisdiction. But in the event Plaintiffs are granted leave to amend their complaint and drop their MMWA claim, such an amendment does not divest the Court of subject matter jurisdiction. *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, n.2 1244 (11th Cir. 2007) ("Later changes to the pleadings do not impact the court's exercise of supplemental jurisdiction."). Rather, as Plaintiffs state, "[t]he Court has discretion to retain jurisdiction over the state law claims even after the amendment eliminates all federal causes of action." [Doc. 27, PageID.1282 (citing *Behlen v. Merrill Lynch*, 311 F.3d 1087, 1095-96 (11th Cir. 2002)). *See also* 28 U.S.C.A. § 1367(c)(3) ("The district court[ ] *may* decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." (emphasis added)).

Plaintiffs ask the Court to refrain from exercising supplemental jurisdiction, relying on the U.S. Supreme Court's decision in *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988) to argue

4

the Court "must consider judicial economy, convenience, fairness, and comity" in deciding upon extending supplemental jurisdiction or electing remand. [Doc. 27, PageID.1283.] WCS agrees that *Carnegie-Mellon* instructs the Court's jurisdictional analysis, but for a reason ignored by Plaintiffs. There, the Court instructed that "[i]f"—as here—"the plaintiff has attempted to manipulate the forum, the court *should take this behavior into account* in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case." *Carnegie-Mellon*, 484 U.S. at 357.

Numerous courts have heeded the U.S. Supreme Court's instruction and retained supplemental jurisdiction where—again, as here—plaintiffs have used Rule 15 as a tool for forum manipulation. In *Lieu v. Sandy Sansing Cars, Inc.*, the plaintiff filed suit in state court alleging nine state law claims and a count under the federal Truth in Lending Act, 15 U.S.C. § 1601, *et seq*. 2007 WL 4287642, at *1 (N.D. Fla. Dec. 5, 2007). After the defendant removed the action to federal court, the plaintiff filed an amended complaint deleting the only federal claim and filed a motion to remand arguing "that the court should exercise its discretion and remand the case to state court." *Id.* at *1. In considering whether to retain supplemental jurisdiction over the state law claims, the Court explained that "[a]lthough district courts are encouraged to remand remaining state claims when all of the federal claims in a case have been eliminated prior to trial, district courts have also been instructed to guard against a plaintiff's decision to delete a federal claim solely for the purpose of defeating an otherwise proper removal by the defendant." *Id.* (cleaned up). "This type of forum manipulation tactic is frowned upon and should not be condoned." *Id.* (citing *Brown v. Southwestern Bell Telephone Co.*, 901 F.2d 1250, 1255 (5th Cir. 1990)).

The Court went on to note that "[t]he defendant properly removed this case from state court, which required it to pay a filing fee of $350.00 and to incur appreciable attorney's fees in

5

connection therewith," and determined that the plaintiff dropped her federal claim merely because "plaintiff thought remand to state court would be the result." *Id.*  Accordingly, "notwithstanding issues of judicial economy and comity weighing in favor of remand," the Court found "it would be unfair to the defendant to order remand when the defendant has expended resources appropriately removing this case and plaintiff's apparent sole motivation in deleting the federal claim and seeking remand was so that the case would be returned to her preferred forum, Florida state court." *Id.*

*Lieu* is by no means an outlier on this point.  In *Harper v. AutoAlliance Intern., Inc.*, the Sixth Circuit affirmed the district court's decision to retain jurisdiction over plaintiff's state law claims notwithstanding his deletion of the only federal claim in an amended complaint "only after the district court had denied his first motion to remand," which the Court found "suspicious and raises questions about Plaintiff's motives in seeking remand."  392 F.3d 195, 212 (6th Cir. 2004). Similarly, in *Brown v. Southwestern Bell Telephone Co.*, the Fifth Circuit determined the district court was "amply justified in concluding that the balance of factors weighed in favor of retaining jurisdiction" over state law claims where the plaintiff "attempted to engage in precisely the sort of forum manipulation proscribed by *Carnegie–Mellon*" by dropping his claims giving rise to federal question jurisdiction and "moving for a remand."  901 F.2d 1250, 1255 (1990).  And in *Guillot v. Bellsouth Telecomm., Inc.*, the plaintiff there also filed an amended complaint "which deleted all his claims asserted under federal statutes" prior to seeking remand, which the Court found to be "precisely the sort of forum manipulation proscribed by *Carnegie-Mellon*."  923 F. Supp. 112, 114 (W.D. La. 1996), *aff'd*, 100 F.3d 953 (5th Cir. 1996).  The court denied the motion to remand, adding that such a "naked attempt at forum manipulation should not be allowed."  *Id.*  Other courts (including those within the Eleventh Circuit) have reached the same conclusion.  *E.g.*, *Crosswright*

6

*v. Escambia Community Clinics, Inc.*, 2021 WL 3719246, at *2 (N.D. Fla. Aug. 18, 2021) (denying motion to remand because plaintiff's "sole motivation in deleting his federal claims and seeking remand was so that the case would be returned to his preferred forum, Florida state court."); *Dewey v. Johnson*, 2008 WL 11331747, at *2 (S.D. Fla. July 8, 2008) (denying motion to remand because "Plaintiff amended his complaint for the sole purpose of remanding this action to state court after Defendants went to the expense of removing the action to this Court."); *Joffrion v. Excel Maint. Services, Inc.*, 2011 WL 5190524, at *2 (M.D. La. Sept. 20, 2011) (finding "plaintiff has attempted to manipulate the forum by filing his amended complaint deleting his federal claim" and that, "[t]herefore, this Court should retain jurisdiction over plaintiff's remaining state law claim pursuant to 28 U.S.C. § 1367."), *report and recommendation adopted*, 2011 WL 5238795 (M.D. La. Oct. 31, 2011); *Young v. Roy's Rest.*, 2006 WL 2024946, at *3 (M.D. Fla. July 17, 2006) (same).

Here, it could not be clearer that Plaintiffs seek to engage in precisely the sort of forum-manipulation proscribed by *Carnegie-Mellon* and which courts have found to be reason to exercise supplemental jurisdiction over remaining state law claims. On October 22, 2021, Plaintiffs filed their first motion to remand arguing that WCS had known for over six months prior to WCS's Notice of Removal that federal question jurisdiction existed over this action. [Doc. 13, PageID.912.] Weeks later, Plaintiffs argued in their reply to the first motion as a different basis for remand that WCS could not establish that federal question jurisdiction exists. [Doc. 20.] Plaintiffs did not prevail on either of these fronts [*see* Order on Motion to Remand, Doc. 25] and, in a third bite at the remand apple, filed the instant Motion to Amend seeking to drop its lone federal claim while, simultaneously, moving for remand yet again. Should any doubt remain as to Plaintiffs' forum-manipulation motivation, one need look no further than the second page of the

7

Motion where Plaintiffs represent that the amendment is sought "**in order to . . . return to their chosen forum**." [Doc. 27, PageID.1279 (emphasis added).]. [Doc. 27, PageID.1280.] *See Young*, 2006 WL 2024946 ("Plaintiff admits that the sole reason for amending her Complaint was to remove the basis for subject matter jurisdiction. **This factual scenario has been repeatedly held to be an insufficient basis for remand by the federal courts**.") (emphasis added) (collecting cases).

While Plaintiffs attempt to cast their motive in litigating this action in state court as one of cost and litigation efficiency, these claims are, respectfully, incredible. On the issue of cost, Plaintiffs contend that "the limited additional recovery offered by the MMWA, if any, separate and apart from the recovery available under the state law claims, does not warrant the additional expense and time to which the Plaintiffs will be exposed in this litigation." [Doc. 27, PageID.1280.] Plaintiffs fail to explain how further litigation of its MMWA claim will cause it to incur any "additional expense and time" it otherwise would incur without the claim. Nor could they. The MMWA "essentially provides a federal cause of action for breach of an implied warranty which arises under state law." *Chase v. Kawasaki Motors Corp., U.S.A.*, 140 F. Supp. 2d 1280, 1291 (M.D. Ala. 2001). Indeed, "[w]hile the MMWA []gives consumers a private right of action against warrantors for breach of implied warranty, implied warranty claims under the MMWA arise out of and are defined by state law." *Bailey v. Monaco Coach Corp.*, 168 Fed. Appx. 893, 894 n.1 (11th Cir. 2006). Plaintiffs' proposed Fifth Amended Complaint maintains their state law warranty claims, which are substantively identical to the MMWA claim they wish to drop. Given that Plaintiffs intend to continue litigating their state law MMWA-counterpart claims, Plaintiffs' bald contention that the MMWA claim would cause them to incur unspecified "additional expense and time" is meritless.

Plaintiffs also claim they "expect to be able to obtain a trial date much more quickly in state court given the pendency of time that has elapsed in state court before this action was removed to this Court." [Doc. 27, PageID.1280.]  This, too, is not credible.  Plaintiffs' newfound interest in an expedient trial setting is undermined by their failure to seek a trial setting while this action was pending in state court.  [*See* Docs. 1-2–4.]  Nor, certainly, can Plaintiffs predict when a state court will or will not set a case for trial.  Moreover, contemporaneously with the filing of the instant Motion, Defendants filed a motion to "suspend all scheduling and discovery deadlines until the Court rules on Plaintiffs' Motion to Amend and Motion to Remand." [Doc. 28.]  Plaintiffs cannot credibly argue, on the one hand, that they wish to expedite this litigation through state court processes while, on the other hand, seeking to postpone pre-trial deadlines in the court where the case is actually pending.  In reality, the removal of this action to federal court has *expedited* this action's pre-trial track.  On January 19, 2022, the parties participated in their required Rule 26 scheduling conference and agreed upon a proposed Spring 2023 federal trial setting, whereas no such agreement was reached (or, as far as WCS knows, even discussed) while this action was in state court.  And, of course, "[w]hen a case is removed the federal court takes it as though everything done in the state court had in fact been done in the federal court." *Savell v. S. Ry. Co.*, 93 F.2d 377, 379 (5th Cir. 1937).  It is thus unclear how a trial of this action in the state court (which had minimal involvement in this action prior to removal) would be any more expedient than the proposed Spring 2023 federal trial date agreed to by the Plaintiffs.

Plaintiffs' motivation in seeking to delete their MMWA is clear and unequivocal: in their words, to "return to their chosen forum." [Doc. 27, PageID.1279.]  WCS respectfully submits that there could be no clearer instance of forum manipulation than exists here, nor any action more demanding of *Carnegie-Mellon*'s proscription against forum manipulation than this one.

9

Accordingly, WCS requests that the Court deny the Motion to Remand and retain jurisdiction over plaintiff's remaining state law claim pursuant to 28 U.S.C. § 1367.

### III.  IN THE EVENT THE MOTION TO REMAND IS GRANTED, WCS REQUESTS AN AWARD OF ATTORNEYS' FEES AND COSTS.

In reliance on Plaintiffs having voluntarily invoked federal question jurisdiction, WCS and this Court expended resources on the removal of this action, on consideration of Plaintiffs' first motion to remand, and on consideration of Plaintiffs' instant motions. Through their proposed amendment, Plaintiffs now seek to unwind the clock to a point in time as if they had never plead a federal claim. Plaintiffs could have easily avoided removal, the related expenditure of funds by WCS, and the outlay of judicial resources by this Court by simply not including any federal claims in any of the amended complaints it filed in state court. But, of course, they did not. And "[w]hen a plaintiff chooses a state forum, yet also elects to press federal claims, he runs the risk of removal. A federal forum for federal claims is certainly a defendant's right. If a state forum is more important to the plaintiff than his federal claims, he should have to make that assessment before the case is jockeyed from state court to federal court and back to state court. The jockeying is a drain on the resources of the state judiciary, the federal judiciary and the parties involved; tactical manipulation [by the] plaintiff . . . cannot be condoned." *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507 (5th Cir. 1985) (citation omitted).

In *Chambers v. NASCO*, the U.S. Supreme Court explained that the District Court's inherent powers give it, in the exercise of "restraint and discretion," "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." 501 U.S. 32, 43–44 (1991). *Chambers* held that included within this inherent authority is the authority to "assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* at 45–46. An award of sanctions based on inherent authority is evaluated under a subjective standard

of bad faith, unlike Rule 11 sanctions, which are evaluated under an objective standard. *Purchasing Power, LLC v. Bluestream Brands, Inc.*, 851 F.3d 1218, 1223-24 (11th Cir. 2017).

If the Court permits Plaintiffs to delete their federal claim and declines to continue exercising jurisdiction over the remaining state law claims, thereby remanding this action, Plaintiffs will suffer no consequences for having actively—indeed, *admittedly*—engaged in forum manipulation in this Court. To the contrary, such an outcome would reward the very conduct the U.S. Supreme Court has warned trial courts to guard against and furthermore undermine the removal protection afforded to defendants by Congress. *See Carnegie-Mellon*, 484 U.S. at 357; *Legg v. Wyeth*, 428 F.3d 1317, 1325 (11th Cir. 2005) ("The removal process was created by Congress to protect defendants. Congress did not extend such protection with one hand, and with the other give plaintiffs a bag of tricks to overcome it.") (internal quotations and citation omitted). At the least, there should be some consequence to plaintiff, otherwise there is no incentive for these or other plaintiffs in other removed cases to not engage in overt forum manipulation and abuse the removal safeguards. *Cf. Boelens*, 759 F.2d at 507 ("[Tactical manipulation [by the] plaintiff . . . cannot be condoned."). It would, moreover, be fundamentally unfair for any potential remand to place Plaintiffs in the position as if they had never invoked federal jurisdiction while, on the other hand, leaving WCS worse off for Plaintiffs' own forum manipulation tactics. *Crosswright*, 2021 WL 3719246, at *2 ("The Court finds it would be unfair to CHNF to order remand when CHNF expended resources appropriately removing and subsequently litigating this case in this Court and Dr. Crosswright's sole motivation in deleting his federal claims and seeking remand was so that the case would be returned to his preferred forum, Florida state court.") (cite omitted).

Accordingly, in the event the Court decides to remand this action, WCS requests the Court exercise its inherent authority[3] to award WCS the attorneys' fees and expenses it incurred in the removal, in opposing Plaintiffs' first motion to remand, and in opposing the instant motions—all of which were made necessary as a result of Plaintiffs' bad faith forum manipulation. WCS further requests that the Court retain jurisdiction to award such fees and expenses. *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 395 (1990) ("It is well established that a federal court may consider collateral issues after an action is no longer pending,"); *J.C. Penney Corp., Inc. v. Oxford Mall, LLC*, 2021 WL 3421394, at *2 (N.D. Ala. Aug. 5, 2021) ("Considering sanctions is . . . a collateral matter" for which the court can retain jurisdiction following dismissal of the case).

## CONCLUSION

WHEREFORE, WCS respectfully requests that the Court deny Plaintiffs' Motion for Leave to Amend Complaint and Motion to Remand. WCS further requests that, in the event Plaintiffs' Motion to Remand is granted, the Court, pursuant to its inherent authority, award WCS its attorneys' fees and expenses incurred in the removal, in opposing Plaintiffs' first motion to remand, and in opposing the instant motions.

---

[3] In *Lieu*, the Court declined to award attorneys' fees under similar circumstances. *See Lieu*, 2007 WL 4287642, at *2 n.4. The Court in *Lieu*, however, considered an award of fees only under 28 U.S.C. § 1447(c), which the Court explained "does not authorize attorneys' fees under circumstances such as these; i.e., where removal was proper." *Id.* To be clear, WCS does not seek to invoke 28 U.S.C. § 1447(c) as a basis for an award of attorneys' fees but, rather, requests that the Court award such fees pursuant to its inherent authority.

Respectfully submitted,

*/s/ T. Hart Benton, III*
RICHARD M. GAAL
rgaal@mcdowellknight.com
T. HART BENTON, III
tbenton@mcdowellknight.com
MCDOWELL KNIGHT ROEDDER
& SLEDGE, LLC
11 North Water St., Ste. 13290
Mobile, Alabama 36602
(251) 432-5300
(251) 432-5303 (fax)
*Attorneys for Wall and Ceiling Solutions, LLC*

### CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of January, 2022, I served the foregoing document by CM/ECF, which provides service to the following counsel of record:

C. William Daniels, Esq. (bdaniels@burr.com)
Christine N. Burns, Esq. (cburns@burr.com)
K. Bryant Hitson, Esq. (kbhitson@burr.com)
BURR & FORMAN LLP
11 N. Water Street, Suite 22200
Mobile, Alabama 36602
*Attorneys for Plaintiffs*

M. Warren Butler, Esq. (wbutler@starneslaw.com)
Bonnie Branum Minopoli, Esq. (bminopoli@starneslaw.com)
STARNES DAVIS FLORIE LLP
11 North Water Street, Suite 20290
Mobile, AL 36602
*Attorneys for Defendants*
*Exterior Restorations, Inc. and Burl Barnett*

John M. Bergquist, Esq. (jbergquist@pljpc.com)
PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway,
Suite 300
Birmingham, AL 35216
*Attorney for Sto Corp*

Jeremy Gaddy, Esq. (jgaddy@clarkmayprice.com)
Howard Gardner Perdue, Esq. (tperdue@clarkmayprice.com)

CLARK, MAY, PRICE, LAWLEY, DUNCAN & PAUL, LLC
P.O. Box 43408
3070 Green Valley Road
Birmingham, AL 35243
*Attorneys for Capitol Materials, Inc.*

                                      */s/ T. Hart Benton, III*
                                        COUNSEL