# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

**JOHN H. PARKER AND BRYAN MAISEL HOMES, LLC,**

     *Plaintiffs*,

**v.**

                       **CASE NO. 1:21-cv-00425-WS-B**

**EXTERIOR RESTORATIONS, INC., BURL BARNETT, STO CORP., WALL AND CEILING SOLUTIONS, LLC, AND CAPITOL MATERIALS, INC.,**

     *Defendants*.

## DEFENDANTS BURL BARNETT AND EXTERIOR RESTORATIONS, INC.'S ANSWER TO PLAINTIFFS' FIFTH AMENDED COMPLAINT[1]

COME NOW Burl Barnett and Exterior Restorations, Inc. (collectively "Defendants") and file their Answer to Plaintiffs' Fifth Amended Complaint, stating as follows:

## PARTIES, JURISDICTION, AND VENUE

1.     Admitted upon information and belief.

2.     Admitted upon information and belief.

3.     Admitted.

4.     Admitted.

---

[1] In their Answer to Plaintiffs' Third Amended Complaint, Defendants assert counterclaims against Plaintiff/Counterclaim Defendant Bryan Maisel Homes, LLC. Defendants hereby incorporate by reference and reallege their counterclaims against Plaintiff/Counterclaim Defendant Bryan Maisel Homes, LLC as if set forth fully herein.

{B4319368}

5.    The allegations of this paragraphs are not directed at Defendants, thus, no response is required.

6.    The allegations of this paragraphs are not directed at Defendants, thus, no response is required.

7.    The allegations of this paragraphs are not directed at Defendants, thus, no response is required.

## FACTUAL BACKGROUND

**A.    Work Performed by Barnett and ERI on Parker's Residence**

8.    Admitted upon information and belief.

9.    Admitted.

10.    Admitted.

11.    Defendants admit that Exterior Restorations, Inc. was engaged by Bryan Maisel Homes, LLC to perform certain work related to the subject property.  Defendants deny the remaining allegations of this paragraph and demand strict proof thereof.

12.    Denied.

13.    Denied.

14.    Defendants admit Exterior Restorations, Inc. began work on the subject property in or around April 2019.  Defendants deny the remaining allegations of this paragraph and demand strict proof thereof.

15.    Denied.

16.    Denied.

17.    Denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

**B.**     **Stucco Product Provided by Sto, Distributed by Capitol, and Inspected by WSC**

25.     Denied.

26.     Admitted.

27.     Denied.

28.     The allegations of this paragraph are not directed at Defendants, thus, no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph and demand strict proof thereof.

29.     The allegations of this paragraph are not directed at Defendants, thus, no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph and demand strict proof thereof.

30.     The allegations of this paragraph are not directed at Defendants, thus, no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph and demand strict proof thereof.

## COUNT I
### Breach of Contract against Barnett and ERI

31.     Defendants re-allege each of their previous assertions and denials of all previous paragraphs as if fully set out herein.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

In response to the unnumbered paragraph beginning "WHEREFORE," Defendants deny that Plaintiffs are entitled to the form of relief requested or any other relief.

## COUNT II
### Breach of Implied Contract against Barnett and ERI

40.     Defendants re-allege each of their previous assertions and denials of all previous paragraphs as if fully set out herein.

41.     Denied.

42.     Denied.

43.     Denied.

In response to the unnumbered paragraph beginning "WHEREFORE," Defendants deny that Plaintiffs are entitled to the form of relief requested or any other relief.

**COUNT III**
**Negligence against Barnett and ERI**

44.     Defendants re-allege each of their previous assertions and denials of all previous paragraphs as if fully set out herein.

45.     Denied.

46.     Denied.

47.     Denied.

In response to the unnumbered paragraph beginning "WHEREFORE," Defendants deny that Plaintiffs are entitled to the form of relief requested or any other relief.

**COUNT IV**
**Wantonness against Barnett and ERI**

48.     Defendants re-allege each of their previous assertions and denials of all previous paragraphs as if fully set out herein.

49.     Denied.

50.     Denied.

In response to the unnumbered paragraph beginning "WHEREFORE," Defendants deny that Plaintiffs are entitled to the form of relief requested or any other relief.

**COUNT V**
**Breach of Warranty against Defendants**

51.     Defendants re-allege each of their previous assertions and denials of all previous paragraphs as if fully set out herein.

52.     Denied.

53.     Denied.

54.   Denied.

55.   Denied.

56.   Denied.

57.   Denied.

58.   Denied.

In response to the unnumbered paragraph beginning "WHEREFORE," Defendants deny that Plaintiffs are entitled to the form of relief requested or any other relief.

## COUNT VI
**Defendants' Violations of the Alabama Extended Manufacturer's Liability Doctrine**

59.   Denied.

60.   Denied.

61.   Denied.

62.   Denied.

63.   Denied.

64.   Denied.

In response to the unnumbered paragraph beginning "WHEREFORE," Defendants deny that Plaintiffs are entitled to the form of relief requested or any other relief.

## COUNT VII
**Negligence against WSC, Sto Corp., and Capitol Materials, Inc.**

65.   Defendants re-allege each of their previous assertions and denials of all previous paragraphs as if fully set out herein.

66.     The allegations of this paragraph are not directed at Defendants, thus, no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph and demand strict proof thereof.

67.     The allegations of this paragraph are not directed at Defendants, thus, no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph and demand strict proof thereof.

68.     The allegations of this paragraph are not directed at Defendants, thus, no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph and demand strict proof thereof.

In response to the unnumbered paragraph beginning "WHEREFORE," Defendants deny that Plaintiffs are entitled to the form of relief requested or any other relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendants fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of unjust enrichment.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendants are barred, in whole or in part, by the applicable statute of limitations or, in the alternative, laches, estoppel or waiver.

### FOURTH AFFIRMATIVE DEFENSE

At all times pertinent to the allegations set forth in the Fifth Amended Complaint,

Defendants operated in a manner which was proper, reasonable and in accordance with all applicable local, state and federal laws.

## FIFTH AFFIRMATIVE DEFENSE

Any damages suffered by Plaintiffs resulted from acts or omissions of third parties, persons, or entitles for which Defendants are neither responsible nor liable.  Such acts or omissions on the part of others constitute independent, intervening, and/or superseding causes of the claimed damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to join one or more indispensable parties.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to maintain the subject property in order to prevent damages they now seek from Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs have failed and continue to fail to mitigate their damages.

## NINTH AFFIRMATIVE DEFENSE

Defendants incorporate by reference all Affirmative Defenses of Rule 8 of the Federal Rules of Civil Procedure including, but not limited to, accord and satisfaction, assumption of the risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, license, payment, release, res judicata, statute of frauds, waiver, and any other matter constituting an avoidance or affirmative defense.

## TENTH AFFIRMATIVE DEFENSE

Defendants preserve all the defenses pursuant to Rule 12(b) of the Federal Rules of

Civil Procedure, including, but not limited to: (a) lack of jurisdiction over the subject matter; (b) improper venue; (c) failure to state a claim upon which relief can be granted; and (d) failure to join a party under Rule 19.

<b>ELEVENTH AFFIRMATIVE DEFENSE</b>

Defendants deny Plaintiffs were damaged to the degree and extent claimed in the Fifth Amended Complaint.

<b>TWELFTH AFFIRMATIVE DEFENSE</b>

The injuries and damages for which Plaintiffs complain were not proximately caused by any acts and/or omissions of Defendants.

<b>THIRTEENTH AFFIRMATIVE DEFENSE</b>

Defendants affirmatively plead that Plaintiffs have not suffered any damage whatsoever that can be attributed to any alleged act or omission by Defendants.

<b>FOURTEENTH AFFIRMATIVE DEFENSE</b>

Defendants have not tortuously injured Plaintiffs.

<b>FIFTEENTH AFFIRMATIVE DEFENSE</b>

Defendants aver Act of God.

<b>SIXTEENTH AFFIRMATIVE DEFENSE</b>

The Fifth Amended Complaint is barred by the doctrines of unclean hands, ratification, the economic loss doctrine, and failure to mitigate damages.

<b>SEVENTEENTH AFFIRMATIVE DEFENSE</b>

Defendants did not breach any duty owed to Plaintiffs.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by lack of privity and lack of notice.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendants affirmatively plead application of a real covenant, equitable servitude, easement, undue hardship and unfeasible enforcement so as to avoid waiver of these defenses.

## TWENTIETH AFFIRMATIVE DEFENSE

The Fifth Amended Complaint is barred because Plaintiffs gave no notice of any alleged deficiencies or right to cure.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants plead license, consent and/or lack of a justiciable controversy so as to avoid waiver of these defenses.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

At the time of the events made the basis of this suit, Plaintiffs assumed the risk of their actions and resulting damages as claimed and/or were contributorily negligent, and, therefore, should not recover in this action.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants plead set-off and/or recoupment.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by their failure to act reasonably, prudently, and in accordance with their own contractual obligations.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for emotional distress and mental anguish are barred because Plaintiffs were not within the "zone of danger."

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages against Defendants cannot be upheld to the extent they are a violation of any law passed by the United States Congress or the Alabama Legislature limiting awards of punitive damages.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Any award of punitive damages in this case is subject to those limitations established by the Alabama Legislature and set forth in Section 6-11-21, Code of Alabama 1975, as amended 1999.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are subject to the limitations and protections of Section 6-11-27 of the Alabama Code with regard to punitive damages.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims to punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages, violate the United States Constitution and/or the common law and/or the public policies of the United States on the following grounds:

a.      It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant, upon the plaintiff satisfying a burden

of proof which is less than the "beyond a reasonable doubt" standard required in criminal cases.

b.       The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of a punitive award against a defendant, which violates the Defendants' rights to due process as guaranteed by the United States Constitution.

c.       The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages, which violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

d.       The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus, violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and the Defendants' due process rights.

e.       Plaintiffs' claims for punitive damages against Defendants cannot be sustained because an award of punitive damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, including an amount possibly in excess of the amount authorized by the Alabama Criminal Code for the same or similar conduct, and providing no protection against awards of punitive damages for the same course of conduct, will violate the Defendants' due process and equal protection rights as guaranteed by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

f.      The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution and in violation of the Defendants' due process rights.

g.      Plaintiffs' claims for punitive damages against Defendants cannot be sustained because any award of punitive damages under Alabama law would violate these Defendants' due process rights in as much as juries are allowed to award punitive damages as they see fit or as a matter of "moral discretion" without adequate or specific standards as to the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.

h.      Plaintiffs' claims of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages are unconstitutionally vague, indefinite and uncertain, and they deprive these Defendants of due process of law.

i.      Plaintiffs' claims of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages cause these Defendants to be treated differently from other similarly situated persons/entities by subjecting these Defendants to liability beyond the actual loss, if any, caused by the Defendants' conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

j.      Plaintiffs' claims of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages subject these Defendants to punishment for the conduct of others through vicarious

liability, respondent superior, or through non-apportionment of damages among joint tortfeasors based on the respective enormity of its alleged misconduct, in violation of the Defendants' due process rights and the Fifth and Fourteenth Amendments to the United States Constitution.

k.     Plaintiffs' claims for punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages expose these Defendants to the risk of indefinable, unlimited liability unrelated to the actual loss caused by his conduct, creating a chilling effect on his exercise of his right to a judicial resolution of this dispute.

l.     Plaintiffs are not entitled to recover punitive damages because it violates the Self Incrimination Clause of the Fifth Amendment to the United States Constitution to impose against defendants punitive damages, which are penal in nature, yet compel defendants to disclose potentially incriminating documents and evidence.

m.     An award of punitive damages in this case would constitute a deprivation of property without due process of law.

n.     The procedures pursuant to which punitive damages are awarded are not rationally related to legitimate government interests.

o.     The procedures pursuant to which punitive damages are awarded subject defendants to punishment under a law not fully established before the alleged offense.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of

punitive damages, violate the Alabama Constitution and/or the common law or public policies of Alabama on the following grounds:

a.      It is a violation of Article I, Sections 1 and 6 of the Alabama Constitution to impose punitive damages, which are penal in nature, upon civil defendants, without the plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" standard required in criminal cases.

b.      The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of a punitive award against a defendant in violation of these Defendants' due process rights guaranteed by the Alabama Constitution.

c.      The procedures pursuant to which punitive damages are awarded are unconstitutionally vague, indefinite and uncertain, and they deprive the Defendants of due process of law in violation of the Alabama Constitution.

d.      The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of an award of punitive damages and deprive the Defendants of due process of law in violation of the Alabama Constitution.

e.      An award of punitive damages in this case would constitute a deprivation of property without due process of law.

f.      The procedures pursuant to which punitive damages are awarded cause these Defendants to be treated differently from other similarly situated persons and/or entities by subjecting these Defendants to liability beyond the actual loss, if any, caused by the Defendants' conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

g.     The procedures pursuant to which punitive damages are awarded may result in the imposition of different or disparate penalties for the same or similar conduct, which deny Defendants their right of equal protection and due process.

h.     The procedures pursuant to which punitive damages may be awarded allow excessive fines to be imposed in violation of Article I, Section 15 and Article I, Section 1 of the Alabama Constitution and in violation of these Defendants' due process rights.

i.     The procedures pursuant to which punitive damages are awarded subject these Defendants to punishment under a law not fully established before the alleged offense, in violation of Article I, Section 7 of the Alabama Constitution.

j.     It is a violation of the Alabama Constitution to impose punitive damages against these Defendants, which are penal in nature, yet compel these Defendants to disclose potentially incriminating documents and evidence.

k.     The procedures pursuant to which punitive damages are awarded subject these Defendants to punishment for the conduct of others through vicarious liability, respondeat superior, or through non-apportionment of damages among joint tortfeasors based on the respective enormity of its alleged misconduct, in violation of these Defendants' due process rights and Article I, Sections 1, 6, 13 and 22 of the Alabama Constitution.

l.     The procedures pursuant to which punitive damages are awarded expose these Defendants to the risk of indefinable, unlimited liability unrelated to the actual loss caused by these Defendants' conduct, creating a chilling effect on the Defendants' exercise of their right to a judicial resolution of this dispute.

m.     The procedures pursuant to which punitive damages are awarded are not rationally related to legitimate government interests.

n.     Plaintiffs' claims for punitive damages against Defendants cannot be sustained because an award of punitive damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, including an amount possibly in excess of the amount authorized by the Alabama Criminal Code for the same or similar conduct, and providing no protection against awards of punitive damages for the same course of conduct, will violate the Defendants' due process and equal protection rights guaranteed by the Alabama Constitution.  Further, to allow such an award would be improper under the common law and/or public policies of the State of Alabama.

o.     Plaintiffs' claims for punitive damages against these Defendants cannot be sustained because any award of punitive damages under Alabama law would violate these Defendants' due process rights inasmuch as juries are allowed to award punitive damages as they see fit or as a matter of "moral discretion" without adequate or specific standards as to the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

An award of punitive damages will violate Defendants' rights to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution and these Defendants' rights under Article I, sections 6 and 13 of the Constitution of Alabama of 1901, because under Alabama law: (a) the standard for an award of punitive damages is so

vague, indefinite and uncertain that it does not give Defendants adequate notice of the kind of conduct for which these Defendants may be liable for punitive damages or the extent of its possible liability; (b) the judge or jury is not provided with constitutionally adequate standards of sufficient clarity, objectivity, and uniformity for determining either the appropriate imposition of an award of punitive damages or the appropriate size of an award of punitive damages; (c) the judge or jury is not instructed in a constitutionally adequate manner on the limits of punitive damages awards imposed by the applicable principles of punishment and deterrence; (d) the judge or jury is not expressly prohibited from awarding punitive damages, or from determining the amount of an award of punitive damages, in whole or in part, on the basis of individually discriminatory characteristics, including without limitation the residence, wealth, and corporate status of the defendants; (e) these Defendants may be subjected to punishment based upon the same course of conduct in more than one action; (f) the judge or jury is permitted to award punitive damages under standards for determining liability for, and the amount of, punitive damages that are vague and arbitrary and that do not define with sufficient clarity the culpable conduct or mental state that makes an award of punitive damages permissible; and (g) an award of punitive damages is not subject to judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate standards of sufficient clarity, objectivity, and uniformity.

## **THIRTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims for punitive damages are barred because an award of punitive damages under Alabama law will constitute an impermissible burden on interstate

commerce in violation of the Commerce Clause of Article I, Section 9 of the United States Constitution.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages is barred to the extent that they seek the admission into evidence of the Defendants' net worth in determining whether punitive damages are to be awarded and/or in what amount they are to be awarded because punitive damages are a form of punishment that is grounded in a defendant's status rather than in specific misconduct, and thus has the effect of treating classes of citizens unequally in violation of the Equal Protection Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 6, 13, and 22 of the Alabama Constitution.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages against Defendants cannot be upheld, because any award of punitive damages under Alabama law without bifurcating the trial of all punitive damages would violate Defendants' due process rights guaranteed by the United States Constitution and the Alabama Constitution.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Punitive damages are a form of criminal or quasi-criminal sanctions. Therefore, Plaintiffs' claims for punitive damages cannot be upheld, because an award of punitive damages without the same protections that are afforded criminal defendants, including, but not limited to, protection against searches and seizures, double jeopardy and self-incrimination and the rights to confront adverse witnesses, to proof by evidence beyond a

reasonable doubt, and to a speedy trial would violate Defendants' rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article 1, Sections 1, 5, 6, 7, 9, 11, 13 and 22 of the Alabama Constitution.  These rights will be violated unless Defendants are afforded the safeguards guaranteed by these provisions, including, but not limited to, the right to separate trials if requested by Defendants for the determination of liability for compensatory and punitive damages, as well as for the determination of the amount of punitive damages, if any.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover punitive damages against Defendants because such an award, which is penal in nature, would violate the Defendants' constitutional rights protected under the Alabama Constitution of 1901, as amended in the Constitution of the United States, unless Defendants are afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of incriminating documents.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages against Defendants cannot be upheld, because an award of punitive damages under Alabama law for the purpose of compensating Plaintiffs for elements of damage not otherwise recognized by Alabama law would violate the Defendants' due process rights guaranteed by the United States Constitution and by the due process provisions of the Alabama Constitution.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages against Defendants cannot be upheld to the

extent they are based on purported activities in other states (1) which may not violate the laws of those other states or (2) for which no evidence is presented establishing that the activities violate the laws of those other states; to do so would violate Defendants' rights under the Alabama Constitution and the United States Constitution.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' demand for punitive damages in this case is unconstitutional in that it seeks to punish Defendants for and deter Defendants from lawful conduct occurring outside the State of Alabama and hence violates fundamental and long-standing principles of state sovereignty and comity.

### FORTIETH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to punitive damages from Defendants under the facts, counts, or theories alleged in Plaintiffs' Fifth Amended Complaint.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages cannot be upheld to the extent it violates or contravenes the holding of the United States Supreme Court in ruling on the case of *BMW of North America  v. Gore*, 517 U.S. 559 (1996).

### FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages cannot be upheld based on all grounds that the United States Supreme Court in *BMW of North America v. Gore,* 517 U.S. 559  (1996), determined that the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages violate a defendant's rights provided by the United States Constitution.

## FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages cannot be upheld under *BMW of North American v. Gore*, 517 U.S. 559 (1996) to the extent it is not based on the least drastic remedy or lowest amount of punitive damages that could be expected to ensure that Defendants will more fully comply with this state's laws in the future.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

The Alabama statute authorizing punitive damages, Alabama Code Sections 6-11-20 and 6-11-21, is unconstitutionally vague as written, construed, and applied.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' demand for punitive damages violates the Due Process Clause of the Fourteenth Amendment in that Plaintiffs' claims for punitive damages are not necessary to vindicate the state's interest in punishing Defendants and deterring them from future misconduct.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' demand for punitive damages in this case is unconstitutional in that it seeks to punish Defendants for, and deter Defendants from, lawful conduct occurring outside the state of Alabama and hence violates fundamental and long-standing principles of state sovereignty and immunity. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L.Ed. 2d 585, 2003 WL 1791206 (April 7, 2003).

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' demand for punitive damages violates the due process clause of the Fourteenth Amendment in that the Plaintiffs' claim for punitive damages is not necessary

to vindicate the state's interest in punishing these Defendants and deterring these Defendants from future misconduct. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L.Ed. 2d 585, 2003 WL 1791206 (April 7, 2003).

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages cannot be upheld to the extent they violate or contravene the ratio of punitive damages allowed by the holding of the United States Supreme Court in ruling on the case of  State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585, 2003 WL 1791206 (April 7, 2003).

### FORTY-NINTH AFFIRMATIVE DEFENSE

John H. Parker's claims for breach of contract and breach of implied contract fail because Parker was not a party to a binding contract with Defendants, nor was he a third-party beneficiary of the any contract with Defendants.

### FIFTIETH AFFIRMATIVE DEFENSE

Defendants took no act that recklessly disregarded the safety of Plaintiffs and took no acts knowing that injury was likely to occur to Plaintiffs.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

Defendants aver that Plaintiffs lack standing to file the suit and/or assert their claims.

### FIFTY-SECOND AFFIRMATIVE DEFENSE

Defendants aver that Plaintiffs' claims are barred by express and implied warranties.

### FIFTY-THIRD AFFIRMATIVE DEFENSE

The alleged assignment and/or reassignment of the purported contract is invalid due

to lack of consideration and lack of notice.

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

The bid, which Plaintiffs allege is a contract, is not assignable.

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs are guilty of spoliation of evidence

in that they destroyed and/or caused to be destroyed evidence that is crucial to Defendants'

case.

## FIFTY-SIXTH AFFIRMATIVE DEFENSE

Defendants expressly reserve the right to amend their Answer and advance, among

other things, defenses specific to any claim and, further, to amend their Answer to add

defenses which may become available to it as this matter progresses.


/s/ Bonnie Branum Minopoli
M. WARREN BUTLER (BUTLM3190)
BONNIE BRANUM MINOPOLI (MINOB0459)
*Attorneys for Defendants*
*Exterior Restorations, Inc. and Burl Barnett*

**OF COUNSEL:**
STARNES DAVIS FLORIE LLP
11 North Water Street, Suite 20290
Mobile, AL   36602
Phone:  (251) 433-6049
Fax:  (251) 433-5901
wbutler@starneslaw.com
bminopoli@starneslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2022, I filed the foregoing with the Clerk of Court via CM/ECF which will send notice to all counsel of record.  I further certify that I served a true and correct copy of the foregoing on the following parties and attorneys of record as follows:

C. William Daniels
Christine N. Burns
BURR & FORMAN LLP
11 N. Water Street, Suite 22200
Mobile, Alabama 36606
*Attorneys for Plaintiff, John H. Parker*
*and Bryan Maisel Homes, LLC*

John M. Bergquist
PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway, Suite 300
Birmingham, Alabama 35216
*Attorney for Sto Corp.*

Jeremy S. Gaddy
Howard G. Perdue, III
CLARK, MAY, PRICE, LAWLEY, DUNCAN & PAUL, LLC
Post Office Box 43408
3070 Green Valley Road
Birmingham, Alabama 35243
*Attorneys for Capitol Materials, Inc.*

T. Hart Benton, III
Richard M. Gaal
MCDOWELL, KNIGHT, ROEDDER & SLEDGE, LLC
11 North Water St., Suite 13290
Mobile, Alabama 36602
*Attorneys for Wall and Ceiling Solutions, LLC*

*/s/Bonnie Branum Minopoli*
BONNIE BRANUM MINOPOLI