```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

JOHN H. PARKER, *et al.*,          *
                                   *
    Plaintiffs,                    *
                                   *
vs.                                * CIVIL ACTION NO. 21-00425-WS-B
                                   *
EXTERIOR RESTORATIONS, INC.,       *
*et al.*,                          *
                                   *
    Defendants.                    *

## ORDER

This action is before the Court on Plaintiffs' embedded motion to extend the deadline for motions to amend pleadings (Doc. 60), and Plaintiffs' unopposed motion to extend other deadlines in the scheduling order. (Doc. 82). Defendants filed responses in opposition to Plaintiffs' motion to extend the deadline for motions to amend pleadings, but they do not oppose Plaintiffs' motion seeking to extend the deadlines for expert reports, discovery, Daubert motions, and dispositive motions. Upon consideration, and for the reasons set forth below, Plaintiffs' motion to extend the deadline for amending pleadings and adding parties (Doc. 60) is **DENIED,** and Plaintiffs' unopposed motion seeking to extend the deadlines for expert reports, discovery, Daubert motions, and dispositive motions (Doc. 82) is **GRANTED.**

I.   **BACKGROUND**

Plaintiffs initiated this action in state court on January 23, 2020, asserting claims for breach of contract, breach of implied contract, negligence, wantonness, and breach of warranty. (Doc. 1-2). After the parties engaged in months of written discovery, Defendants removed this action to this Court on September 29, 2021. (Doc. 1). A scheduling conference was conducted on May 20, 2022, with counsel for the parties participating by telephone. (Doc. 49). Subsequent thereto, a Rule 16(b) scheduling order was entered. (Doc. 51). The scheduling order established July 1, 2022 as the deadline to file motions for leave to amend the pleadings or to join other parties. (Id. at 2).

Since this action has been pending in this Court, Plaintiffs have twice requested and been granted permission to amend their complaint. (See Docs. 27, 35, 37, 60, 72, 73). Embedded in Plaintiffs' last motion to amend, which was filed on July 1, 2022, was a request to extend the deadline for filing motions to amend pleadings to September 7, 2022. (Doc. 60 at 3-4). Plaintiffs assert that due to scheduling conflicts, Defendants' witnesses are not being made available for deposition until the second half of August 2022; thus, Plaintiffs seek to extend the July 1, 2022 deadline for motions to amend in case the depositions yield new information. (Id.). Defendants oppose the extension request and

assert that the parties conducted extensive written discovery while this case was pending in state court, and that Plaintiffs' last amendment to their complaint was not based on any newly discovered information but was the result of Plaintiffs' latest efforts to fine-tune their complaint. (Doc. 70 at 3-6). They also assert that, at this juncture, the pleadings should be closed. (Id.).

## II.  DISCUSSION

Federal Rule of Civil Procedure 16(b) provides that a district court judge "must issue a scheduling order" in cases before it, with limited exceptions not applicable here. A district court's "scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). Once a district court issues its scheduling order, the order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Where a party seeks a modification of the scheduling order or seeks leave to amend the complaint after the deadline in the scheduling order has passed, it must satisfy Rule 16(b)'s "good cause" requirement, rather than the more lenient "when justice so requires" standard under Federal Rule of Civil Procedure 15(a). See Sosa v. Airprint Sys., 133 F.3d 1417, 1418-19 (11th Cir. 1998) (per curiam).

The "good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking

3

the extension.'" Id. at 1418 (quoting Fed. R. Civ. P. 16 advisory committee's note). The diligence of the party seeking leave to amend is a factor in the good cause analysis. See, e.g., Romero v. Drummond Co., Inc., 552 F.3d 1303, 1319 (11th Cir. 2008); Sosa, 133 F.3d at 1419. Ultimately, a district court has significant discretion in setting and enforcing its scheduling orders. And the Eleventh Circuit has recognized that "a district court's decision to hold litigants to the clear terms of its scheduling orders is not an abuse of discretion." Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1307 (11th Cir. 2011) ("[T]hough the court had the authority to grant a *post hoc* extension of the discovery deadline for good cause, it was under no obligation to do so."); see also Bearint ex rel. Bearint v. Dorell Juv. Grp., Inc., 389 F.3d 1339, 1348-49 (11th Cir. 2004) (upholding a district court's decision to exclude an expert report disclosed after the deadline expired for submission).

Given that this case was filed in January 2020, and that the parties have engaged in extensive written discovery, the undersigned finds that, at this juncture, the "good cause" standard rather than the more lenient "when justice so requires" standard should apply. Accordingly, Plaintiffs' request that the deadline for filing motions to amend be extended is **DENIED**. In the event that Plaintiffs obtain new information during the August 2022 depositions that necessitates the addition of a new party or new

4

claims, they should be prepared to establish that they exercised diligence in discovering the new information such that good cause exists for the motion to amend.

Turning next to Plaintiffs' unopposed motion seeking to extend the deadlines for expert reports, discovery, Daubert motions, and dispositive motions, the undersigned finds that good cause exists for the extension request. As noted *supra,* Plaintiffs requested and were granted permission to file an amended complaint, adding a new party and new claims. Since the amended complaint was filed less than a month ago, it is reasonable that the parties need additional time for the expert reports, discovery, and Daubert and dispositive motions. Accordingly, Plaintiffs' motion for extension of deadlines (Doc. 82) is **GRANTED in part.**

The Rule 16(b) scheduling order entered on June 1, 2022 (Doc. 51) is hereby amended as follows:

1) The deadline for Plaintiffs' expert disclosures is extended to **September 12, 2022;**
2) The deadline for Defendants' expert disclosures is extended to **October 12, 2022;**
3) The deadline for discovery is extended to **December 12, 2022;**
4) The deadline for Daubert motions and dispositive motions is extended to **January 9, 2023.**

Except as set forth above, all other deadlines contained in the Rule 16(b) scheduling order entered on June 1, 2022 (Doc. 51) remain in effect.

**DONE** this **10th** day of **August, 2022.**

/s/SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**