**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **JOHN H. PARKER, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION 21-0425-WS-B** |
| | ) |
| **EXTERIOR RESTORATIONS, INC.,** | ) |
| **et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

In March 2021, the plaintiffs filed a third amended complaint which, among other changes, added Sto Corporation ("Sto") as a defendant.  (Doc. 1-2 at 240).  On April 16, 2021, Sto filed its answer.  (*Id*. at 334).  On May 18, 2021, defendants Burl Barnett and Exterior Restorations, Inc. (collectively, "Exterior") filed an answer to the plaintiffs' third amended complaint.  (Doc. 1-3 at 59). Exterior included in its answer a three-count counterclaim against plaintiff Bryan Maisel Homes, LLC ("BMH").  (*Id*. at 83-89).  Count I of the counterclaim seeks "indemnity and contribution pursuant to common law and equity."  (*Id*. at 85).

Over a year later, on July 29, 2022, Sto filed a "notice of joinder in counter-claim for indemnity against Bryan Maisel Homes, Inc. and Bryan Maisel filed by Exterior …."  (Doc. 78).  The plaintiffs filed a motion to strike this document. (Doc. 89).  Sto declined the opportunity to respond, (Doc. 91), and the motion to strike is ripe for resolution.

A counterclaim must appear in a "pleading."  Fed. R. Civ. P. 13(a)(1), 13(b), 13(e).  The term "pleading" under the Rules is limited to complaints and answers (or, if allowed, replies to an answer).  *Id*. Rule 7(a).  Sto did not file an amended answer including a counterclaim; instead, it purported to file a stand-

alone document styled as a "notice of joinder."  The same day it filed its "notice of joinder," Sto filed its answer to the sixth amended complaint.  (Doc. 76).  There is thus no question that Sto recognized its "notice of joinder" was not part of its answer/pleading.

"A statement in a pleading may be adopted by reference … in any other pleading."  Fed. R. Civ. P. 10(c).  It is unclear whether Sto's "notice of joinder" could constitute an adoption by reference of a statement in Exterior's answer to the third amended complaint.  But it is quite clear that any purported adoption by reference did not appear "in any other pleading" but only in a "notice of joinder."

Whatever arguments, if any, Sto might have made against the Court's ruling have been forfeited by its decision not to oppose the plaintiffs' motion to strike.  For the reasons set forth above, the plaintiffs' motion to strike is **granted**.  Sto's notice of joinder is **stricken**.[1]

DONE and ORDERED this 7th day of September, 2022.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[1] Because Sto has not filed a pleading including a counterclaim, it is unnecessary to determine whether Sto could have done so without leave of court.  *See Cieutat v. HPCSP Investments, LLC*, 2020 WL 4004806 at *3-5 (S.D. Ala. 2020) (rejecting the "permissive" approach, under which any amended complaint allows a defendant to assert a new counterclaim as of right but declining to decide between the "moderate" and "uniform" approaches).  It is likewise unnecessary to determine whether the Court would have granted such leave.