IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN H. PARKER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 21-0425-WS-B |
| | ) |
| EXTERIOR RESTORATIONS, INC., | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the motion of defendant Sto Corp. ("Sto") to realign the parties and on Sto's alternative motion to dismiss the claims asserted by the entity plaintiff against Sto.  (Doc. 106).  The plaintiffs have filed a response and Sto a reply, (Docs. 123, 134), and the motions are ripe for resolution.[1]  After careful consideration, the Court concludes that the motion to realign is due to be denied and that the motion to dismiss is due to be granted in part and denied in part.

**BACKGROUND**

The individual plaintiff ("Parker") is a homeowner; the entity plaintiff ("BMH") is the general contractor.  Sto manufactured certain stucco products that were applied to Parker's home by two defendants (collectively, "Exterior").  After water intrusion problems appeared, inspections of the work were performed by one or both of the other two defendants (collectively, "WCS").

---

[1] The other four defendants, without submitting additional briefing, have filed joinders in one or both of Sto's motions.  (Docs. 107, 124).

The original complaint, filed in January 2020, named Parker as the sole plaintiff and the Exterior defendants as the only two defendants. (Doc. 1-2 at 2-10). In March 2021, the plaintiffs filed a third amended complaint that named BMH as an additional plaintiff and added Sto and WCS as defendants. (*Id*. at 240-250). A year and a half later, Sto filed the instant motions. Sto seeks to have BMH realigned as a defendant and to have the Exterior defendants realigned as third-party defendants. (Doc. 106 at 1). "[I]n the alternative," Sto seeks dismissal of BMH's claims against Sto for failure to state a claim. (*Id*. at 5).

## DISCUSSION

### A. Motion to Realign.

"[F]ederal courts are required to realign the parties in an action to reflect their interests in the litigation." *City of Vestavia Hills v. General Fidelity Insurance Co*., 676 F.3d 1310, 1313 (11th Cir. 2012). "[I]t is the duty of the lower federal courts to look beyond the pleadings and arrange the parties according to their sides in the dispute, … as determined by the principal purpose of the suit and the primary and controlling matter in dispute …." *Id*. at 1313-14 (internal quotes omitted). Relying on these principles, Sto identifies the "principal purpose of the suit" as being "rooted in" Parker's "desire to address the alleged deficiencies associated with the construction of his home," and Sto argues that this end "cannot be fairly achieved" unless Parker sues BMH, because BMH, as general contractor, owed Parker "certain duties," for the breach of which BMH "must be held responsible." (Doc. 106 at 2, 4-5).

Every case on which Sto relies addresses the duty of a federal court to properly align the parties for purposes of determining whether there is subject matter jurisdiction over the action on the basis of complete diversity of citizenship. Sto identifies no case imposing a similar duty when, as here, the Court's jurisdiction is not implicated, nor any case identifying a standard for evaluating motions to realign raised in a non-jurisdictional context. It may well be imagined

that the duty, the test, or both are more relaxed in the latter context, just as it may well be imagined that a litigant waives the right to assert such a non-jurisdictional challenge when, as here, the litigant sits on its rights for 18 months before seeking realignment. The Court nevertheless assumes for present purposes that *City of Vestavia Hills* controls and that Sto has not forfeited its challenge by inordinate delay.

The relevant purpose under *City of Vestavia Hills* is the principal purpose "of the suit," and the relevant matter is the primary and controlling matter "in dispute." 676 F.3d at 1313-14. The quoted language plainly limits the relevant terrain to what is actually disputed, and what is actually sought, in the lawsuit as filed. Sto's argument, however, depends on ignoring this language and instead focusing on what additional purpose Parker *could have* sought to achieve and what additional matters Parker *could have* placed in dispute. Sto's argument thus fails at the starting line as incompatible with the rule on which it purports to rely.

Under Sto's theory, a plaintiff could be forced to sue a person or entity the plaintiff has elected not to sue, based on nothing more than that the plaintiff *could have* sued that person or entity.[2] In Sto's world, a couple injured in a motor vehicle accident ("MVA") could jointly sue the other driver, only to have the other driver compel the passenger to sue the driver simply because his driving could have been negligent. Unsurprisingly, Sto cites no authority for this remarkable proposition, without which it cannot be accepted.

In a related vein, Sto argues that BMH must be realigned as a defendant because its interests and those of Parker are necessarily "adverse," with Parker interested in "hold[ing] accountable all parties responsible for alleged defects in the home," including (Sto says) BMH, and BMH interested in avoiding such liability. (Doc. 106 at 4). Sto's argument again depends on a misreading of *City of Vestavia Hills*. The relevant interests are the parties' interests "in the

---

[2] Sto does not invoke Rule 19 or any other rule.

litigation," 676 F.3d at 1313, language that restricts the inquiry to the parties' interests within the litigation as framed by the pleadings and that does not extend to additional interests the parties *could have* injected into the lawsuit.

Even if additional interests not manifest within the lawsuit itself could be considered, Sto's argument would fail, because it falsely assumes that every injured party has the same paramount interest – sue everybody! – that trumps all others. Under Sto's theory, the legally controlling interest of the passenger in the MVA example above would be to hold the driver (her lover) responsible for her injuries, regardless of how irreparably that course of action might harm their relationship. In a word, no. Plaintiffs select whom to sue and whom not to sue for all kinds of legitimate reasons beyond the mere possibility of liability, including such things as underlying relationships (personal and professional), insolvency, difficulty of proof, settlement, and side agreements, and in each of these situations the plaintiff's interest in suing a particular potential wrongdoer is, in the estimation of the plaintiff, outweighed by other interests of the plaintiff.[3] Again, Sto offers no authority even remotely supporting its position that a plaintiff's evaluation of its interests and resulting decision not to sue a particular person or entity can be cavalierly and paternalistically overruled by a defendant's contrary assessment of the plaintiff's interests. Without such authority, its unorthodox argument cannot be credited.

The interests of Parker and BMH in this litigation are in fact highly aligned, because each alleges injury caused by the defendants' conduct.[4] It is Parker's house that has been damaged, but the sixth amended complaint alleges that both

---

[3] There is no burden on Parker to justify his decision not to sue BMH (assuming for argument that BMH is potentially liable to Parker), but several reasonable explanations are evident, including the ongoing nature of BMH's work on Parker's house and the family relationship between Parker and BMH's principal.

[4] They thus easily surpass the standard for proceeding as co-plaintiffs established by Rule 20(a)(1) and (3).

Parker and BMH have incurred substantial costs in addressing the problems caused by the stucco and/or its installation. (Doc. 73 at 6). The plaintiffs in their brief represent that BMH has expended over $130,000 of its own funds in attempting to mitigate the damages caused by the defendants, (Doc. 123 at 3-4, 14-15), an assertion Sto ignores in its reply brief.

In its reply brief, Sto argues that the parties should be realigned because it, and other defendants, would be prejudiced otherwise. (Doc. 134 at 2). As the Court has ruled many times, including in this case,[5] courts ordinarily do not consider arguments first raised on reply. Because Sto offers no reason it did not assert prejudice as an independent basis for realignment in its principal brief, the argument is not properly before the Court.

Even were its tardy argument to be considered, Sto has not shown, or even attempted to show, that prejudice is an independently sufficient basis for realignment under governing law. Without such a showing, Sto's argument cannot succeed.

In any event, the defendants are subjected to no meaningful prejudice absent realignment. Sto insists that, if the case proceeds to trial with BMH aligned as a plaintiff rather than as a defendant, the jury will not "be able to full[y] consider and understand the full extent of BMH's negligence and failures," will be unable to grasp that some of Sto's defenses apply only to one or the other of the plaintiffs, and may be unable to appreciate that BMH can be found contributorily negligent. (Doc. 134 at 2). Sto underestimates the defendants' ability to present their cases clearly, the jury's ability to comprehend such matters, and the availability of aids such as jury interrogatories. Nor, to the doubtful extent the risks articulated by Sto actually exist, does the Court perceive how realignment of itself could effectively address them.

---

[5] (Doc. 112 at 9-10).

Also in its reply brief, Sto argues that realignment is proper because Parker has brought claims against the defendants for breach of contract even though (according to Sto) Parker's only viable claim for breach of contract lies against BMH.  (Doc. 134 at 5).  The apparent implication is that, since Parker wants to sue for breach of contract, he should be forced sue the entity (BMH) that Sto believes is an appropriate defendant for such a claim.  To be clear, Sto does not argue that Parker sued the defendants for breach of a specific contract as to which in reality only Parker and BMH, not the defendants, were parties; instead, Sto argues that Parker has sued the defendants for breach of certain contracts but, because (Sto says) Parker was not in privity with the defendants, he should instead be compelled to sue BMH for breach of an entirely different contract.  (*Id*. at 2-5).

As with prejudice, this argument comes too late to be considered. And, as with prejudice, the argument is any event meritless, since it depends on the same erroneous idea that a defendant can use realignment to force a plaintiff to sue a co-plaintiff simply because the plaintiff has a potentially valid claim against the co-plaintiff.

Because Sto's motion to realign BMH as a defendant fails, its motion to realign the Exterior defendants as third-party defendants necessarily fails as well.

### B.  Motion to Dismiss.

The plaintiffs argue that this motion is untimely under Rule 12(b) because it was filed after Sto answered the sixth amended complaint.  (Doc. 123 at 15).  Sto responds that Rule 12(h)(2)(B) permits a motion to dismiss for failure to state a claim to be asserted by a motion under Rule 12(c) and that a Rule 12(c) motion cannot be filed until after the pleadings are closed, *i.e.*, after Sto filed its answer. Sto's motion to dismiss did not specify the rule under which it was brought, and Sto requests that the Court consider the motion as having been brought under Rule 12(c).  (Doc. 134 at 6-7).  The Court agrees this is appropriate.

The only time limit expressed by Rule 12(c) is that such a motion must be brought "early enough not to delay trial."  Trial is not set until May 2023, (Doc. 51 at 1), and dispositive motions are not due until January 2023.  (Doc. 87 at 5).  Sto's motion plainly has been brought early enough not to delay trial.

Sto argues that BMH's claims against it should be dismissed because "BMH does not own the home, and thus has suffered no damages arising from the home's condition."  (Doc. 106 at 5; *accord* at 6).  As discussed in Part A, the sixth amended complaint alleges that BMH has incurred substantial costs in addressing the problems caused by the stucco and/or its installation.  (Doc. 73 at 6).  On a motion for judgment on the pleadings, these allegations must be accepted as true,[6] and Sto does not challenge them.  In order for its motion to succeed, Sto therefore must demonstrate that such damages are legally inadequate to support a cause of action under the legal theories advanced by BMH because Alabama law precludes their recovery by an injured party that is not the owner of the physically damaged property.

BMH has sued Sto for:  breach of warranty; violation of the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"); negligence; wantonness; and negligent misrepresentation and suppression.  (Doc. 73 at 13-19).  With the exception of the AEMLD claim, Sto has not attempted to demonstrate that Alabama law precludes the recovery of the damages sought by BMH because he does not own Parker's home.  As to all such claims, Sto necessarily has failed to establish its entitlement to dismissal.

In its seminal opinions establishing the AEMLD, the Alabama Supreme Court held that, "[t]o establish liability, a plaintiff must show … he suffered injury or damages to himself or his property …."  *Casrell v. Altec Industries, Inc*., 335 So. 2d 128, 132 (Ala. 1976); *accord Atkins v. American Motors Corp*., 335 So. 2d 134, 141 (Ala. 1976).  That Court has continued to identify injury to the plaintiff

---

[6] *Cunningham v. District Attorney's Office*, 592 F.3d 1237, 1255 (11th Cir. 2010).

or his property as an element of a claim under the AEMLD.  *E.g., Tanksley v. ProSoft Automation, Inc.,* 982 So. 2d 1046, 1049-50 (Ala. 2007).  Sto argues that the sixth amended complaint discloses on its face that BMH does not seek to recover damages for personal injury or for injury to BMH's property and that BMH therefore has no viable cause of action under the AEMLD.  (Doc. 106 at 5-6).  The plaintiffs, whose response to the motion to dismiss is confined to the issue of timeliness, offer the Court no reason to question Sto's argument.

The WCS defendants expressly join in Sto's motion to dismiss and seek dismissal as to themselves "on the same basis."  (Doc. 124 at 1).  The Exterior defendants expressly "do not join in" the motion to dismiss.  (Doc. 107 at 1).

## CONCLUSION

For the reasons set forth above, Sto's motion to realign the parties is **denied** and its motion to dismiss is **granted** with respect to the AEMLD claim and is in all other respects **denied**.  BMH's claim under the AEMLD is **dismissed** as to Sto and the WCS defendants.

DONE and ORDERED this 17th day of October, 2022.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE