IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN H. PARKER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 21-0425-WS-B |
| | ) |
| EXTERIOR RESTORATIONS, INC., et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

## ORDER

On October 17, 2022, the Court denied a motion to realign the parties, filed by defendant Sto Corp. ("Sto") and joined in by certain other defendants (including, collectively, "Exterior"). (Doc. 140). On December 9, 2022, Exterior filed a motion to reconsider that ruling. (Doc. 195). The plaintiffs ("Parker" and "BMH") have filed a response and Exterior a reply, (Docs. 205, 208), and the motion is ripe for resolution.

Sto sought to realign BMH, the general contractor on Parker's home, as a party defendant. Sto relied on *City of Vestavia Hills v. General Fidelity Insurance Co.*, 676 F.3d 1310 (11th Cir. 2012), for the proposition that "there exists a strong federal preference to align the parties in line with their interests in the litigation … as determined by the principal purpose of the suit and the primary and controlling matter in dispute …." *Id*. at 1313-14 (internal quotes omitted). Sto argued that Parker's interest was "to hold accountable all parties responsible for alleged defects in the home," while BMH's interest was to avoid such liability. Sto argued that the primary purpose of the suit sprang from Parker's desire to be made whole and that the primary and controlling matters in dispute included whether BMH owed and breached obligations to Parker. (Doc. 106 at 3-4).

The Court rejected Sto's argument because it was wrong as a matter of law. The very case on which Sto relied explicitly limits the measurement of interest, purpose, and matter to what is actually alleged and actually sought within the four corners of the governing pleading: the relevant interests are those "in the litigation," the relevant purpose is "of the suit," and the relevant matter is that which is "in dispute." *City of Vestavia Hills*, 676 F.3d at 1313-14. It was therefore legally irrelevant whether, as Sto insisted, Parker had viable claims that he *could have* asserted against BMH but chose not to. (Doc. 140 at 3-4).

As this Court "has ruled countless times, a motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Eaton v. Department of Veterans Affairs*, 2020 WL 5521376 at *3 (S.D. Ala. 2020) (internal quotes omitted). Exterior relies on the "new evidence" avenue, offering the deposition testimony of three experts as "further evidence of the misalignment between" Parker and BMH. (Doc. 195 at 1). All the experts say, however, is that BMH as general contractor owed certain duties to Parker as homeowner and that (according to the defense experts) BMH breached these duties, causing or contributing to the damages for which Parker seeks recovery from Exterior and the other defendants. (*Id*. at 6-7).

Exterior's evidence merely echoes what Sto argued on the original motion to realign – that "[t]he parties should be realigned because as the general contractor, BMH owed certain duties to Parker for which it must be held responsible." (Doc. 106 at 4). As made clear in the Court's opinion, and as recapitulated above, Sto's argument did not fail because Sto lacked evidence that BMH actually owed and breached duties to Parker but because any breach of such duties by BMH is legally irrelevant to alignment, given Parker's election not to sue BMH. Evidence from a thousand experts could not possibly overcome that irredeemable legal deficiency in Sto's position.

The balance of Exterior's motion is dedicated to promoting new arguments never presented by Sto and to raising new points in support of arguments Sto timely (or, in some cases, untimely) raised.[1]  As this Court "has noted, motions to reconsider serve a valuable but limited function.  They do not exist to permit losing parties to prop up arguments previously made or to inject new ones ….  They do not, in short, serve to relieve a party of the consequences of its original, limited presentation."  *Coleman v. Unum Group Corp.*, 2016 WL 5539625 at *1 (S.D. Ala. 2016) (internal quotes omitted).  All of Exterior's efforts fall victim to this rule.

The realignment horse is dead, and the defendants are advised to cease beating it.  For the reasons set forth above and in the Court's previous order, Exterior's motion to reconsider is **denied**.

DONE and ORDERED this 4th day of January, 2023.

> s/ WILLIAM H. STEELE
> UNITED STATES DISTRICT JUDGE

---

[1] These efforts include arguments:  (1) that Exterior's counterclaim places BMH's alleged breaches in dispute (it does not, in any way relevant to realignment); (2) that a different and watered-down "convenience and expediency" standard should govern the Court's realignment analysis; (3) that realignment is consonant with various rules of civil procedure; (4) that realignment is discretionary even when it is not mandatory; and (5) that the defendants will be unfairly prejudiced absent realignment because juries are otherwise incapable of comprehending that only BMH, to the exclusion of the defendants, can be legally responsible for any water damage caused by a lack of flashing as opposed to defectively produced or installed stucco.  (Doc. 195 at 2, 4, 5, 6, 9-10).